UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMMY OSBY,<br><br>                              Plaintiff,<br><br>           -against-<br><br>CITY OF NEW YORK; NEW YORK CITY DEPARTMENT OF PROBATION,<br><br>                              Defendants. | 23-CV-1731 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action under the Americans with Disabilities Act of 1990 ("ADA"), alleging that her former employer discriminated against her based on her disability. The complaint may also be construed as asserting claims under the New York State and City Human Rights Laws. Plaintiff sues the City of New York and the New York City Department of Probation. By order dated March 2, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff is a former probation officer who retired from the New York City Department of Probation in 2019. She lists her disabilities as "cancer [and] diabetes." (ECF 1, at 4.) She states that Defendant retaliated against her and violated her civil rights "by holding a[] dismissed arrest against [her], and making false claims and allegations against [her]." (*Id.* at 5.)

In the section of the complaint form asking her to state the facts that support her claim, Plaintiff writes,

> In 6/22 I requested an employment verification letter to verify that I worked in the disaster zone near the World Trade Center on 911. I was attempting to get benefits from the World Trade Center Medical Fund, as I have Cancer for the 2nd time in

> 20 years. The respondents falsified my employment records, and made various false claims against me in a position statement provided to EEOC. This has caused me emotional distress.

(*Id.*)

Elsewhere in the complaint, Plaintiff alleges that she was "retaliated against due to [her] previous complaints against the [Defendant.]" (*Id.* at 6.) She states that she was "forced to retire in 2019 due to a knee injury" and that Defendant continues to harm her by "defaming [her] name" and "falsifying [her] employment records." (*Id.*)

Plaintiff alleges that she filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") in July 2022, and that the EEOC issued a notice of right to sue on January 20, 2023, which Plaintiff received on February 10, 2023.

Plaintiff has previously filed an employment discrimination action against the same Defendants in this court. In *Osby v. New York City Dep't of Probation*, No. 13-CV-8829 (TPG) (S.D.N.Y. Sept. 25, 2017), *aff'd*, No. 17-3363 (2d Cir. Sept. 7, 2018), Plaintiff alleged that the City of New York discriminated and retaliated against her in violation of the ADA. In that action, Plaintiff alleged that her disability consisted of an injury to her left knee, which required multiple surgeries and extensive treatment, and her allegations of adverse employment actions included being docked twelve hours of pay after a payroll audit, experiencing various computer issues, and being given a negative evaluation by her supervisor. Judge Thomas P. Griesa dismissed Plaintiff's ADA claims for discrimination and retaliation because her claims of adverse employment actions were either time-barred; were not, in fact, adverse employment actions; or failed to plausibly allege a nexus between the adverse action and any discriminatory or retaliatory animus. ECF 1:13-CV-8826, 51. The United States Court of Appeals for the Second Circuit affirmed the district court's decision. No. 17-3363 (2d Cir. Sept. 7, 2018).

## DISCUSSION

A.  **New York City Department of Probation**

Plaintiff's claims against the New York City Department of Probation must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status, the Court will construe her allegations against the Department of Probation as asserted against the City of New York, which she has also named as a defendant. The Court therefore dismisses Plaintiff's claims against the New York City Department of Probation, without prejudice to Plaintiff's claims against the City of New York, for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

B.  **Claims under the ADA**

The anti-retaliation provision of the ADA provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a).

To state a claim for retaliation under the ADA, a plaintiff must plausibly allege that: "(1) defendants discriminated – or took an adverse employment action – against h[er], (2) 'because' [s]he has opposed any unlawful employment practice." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015) (quoting 42 U.S.C. § 12203(a)); *see also Ciulla-Notto v. Xerox Corp.*, No. 16-CV-6362, 2017 WL 491688, at *2 (W.D.N.Y. Feb. 7, 2017)

4

("Although the Second Circuit in *Vega* set forth the pleading standard for a retaliation claim under Title VII, courts routinely use the same framework to analyze . . . claims under . . . the ADA"). "[A]n adverse employment action is any action that 'could well dissuade a reasonable worker from making or supporting a charge of discrimination.'" *Vega*, 801 F.3d at 90 (quoting *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 57 (2006)). To demonstrate causation, "a plaintiff must plausibly plead a connection between the act and his engagement in protected activity." *Id.* "A retaliatory purpose can be shown indirectly by timing: protected activity followed closely in time by adverse employment action." *Id.*; *see Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 2017 (2d Cir. 2001) ("The causal connection needed for proof of a retaliation claim can be established indirectly by showing that the protected activity was closely followed in time by the adverse action." (internal quotation marks omitted)). Moreover, a plaintiff must allege that retaliation was the "but-for cause" of the adverse action. In other words, a plaintiff must allege facts suggesting that "the adverse action would not have occurred in the absence of the retaliatory motive." *Vega*, 801 F.3d at 91 (quotation omitted).

Here, Plaintiff does not plead a plausible claim for retaliation under the ADA for three reasons. First, it is unclear from complaint what adverse employment action Plaintiff is alleging that Defendant took against her. Plaintiff states that Defendant held a "dismissed arrest" against her (ECF 1, at 5), but she does not explain how Defendant held the dismissed arrest against her or how it impacted her employment. Plaintiff also alleges that Defendant "falsified [her] employment records" and made "false claims against [her] in a position statement provided to the EEOC," incidents which "caused [her] emotional distress." (*Id.*) Again, however, she does not explain the nature of the alleged falsifications or how they impacted her employment. Moreover, she provides no information as to when any of these events occurred. Plaintiff does

provide one date. She alleges that, in June 2022, she requested an employment verification letter from Defendant, but she alleges no facts suggesting any adverse employment action in connection with that request.

Second, it is unclear what protected activity Plaintiff was engaged in that led to the alleged retaliation. She alleges that Defendant retaliated against her for her "previous complaints" against it. (*Id.* at 6.) However, Plaintiff does not describe the nature of these complaints. Specifically, she does not allege that any previous complaints were related to an alleged disability. Furthermore, Plaintiff does not state when she filed her complaints.[1]

Finally, with regard to causation, Plaintiff presents no facts suggesting any clear connection between the alleged (and unspecified) falsification of her employment records or false statements and her disability or any protected activity. A court may infer a relationship between two events when they occur close in time, *see Vega*, 801 F.3d at 90, but the Court cannot do so here because Plaintiff has not provided any timeframe during which these events occurred. To the extent Plaintiff is alleging that any adverse employment action occurring within the past several years was taken in retaliation for her filing of the 2013 action against Defendants, the Court finds that timeframe to be too lengthy to support a causal relationship. *Cf. Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010) ("Though the Court has not drawn a bright line defining, for the purposes of a prima facie case, the outer limits beyond which a

---

[1] Plaintiff's 2013 ADA action in this court against Defendants may be considered protected activity under the ADA's retaliation provision. *See Figueroa v. Garland*, No. 21-CV-7849 (GHW), 2022 WL 17539114, at *15 (S.D.N.Y. Dec. 6, 2022) ("A complaint or legal action challenging an employer's action is a protected activities 'so long as the employee has a good faith, reasonable belief that the underlying challenged actions of the employer violated' [the ADA]." (quoting *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013)). Nowhere in the complaint, however, does Plaintiff reference her prior action in this court or state that it was the cause of any adverse action.

temporal relationship is too attenuated to establish causation, we have previously held that five months is not too long to find the causal relationship.").

For these reasons, Plaintiff fails to state a claim for retaliation under the ADA. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff leave to file an amended complaint alleging additional facts to state a claim under the ADA.

**C.     State Law Claims**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). As the Court is granting Plaintiff leave to amend, the Court has not dismissed the federal claims of which the Court has original jurisdiction. Thus, the Court reserves its decision whether to exercise its supplemental jurisdiction of the state law claims Plaintiff is asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**D.     Application for *Pro Bono* Counsel**

Plaintiff filed an application for the Court to request *pro bono* counsel. (ECF 4.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are

7

"[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim for retaliation under the ADA, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

   a) the names and titles of all relevant people;

   b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

   c) a description of the injuries Plaintiff suffered; and

      d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

## CONCLUSION

The Court dismisses Plaintiff's claims against the New York City Department of Probation for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-1731 (LTS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If

Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court denies Plaintiff's request for the Court to request *pro bono* counsel without prejudice to renewal at a later time. (ECF 4.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  April 10, 2023
       New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

**AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

-against-

_____

_____

_____

Jury Trial:   ☐ Yes   ☐ No
*(check one)*

\_\_\_ Civ. _____ ( \_\_\_ )

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. Typically, the company or organization named in your charge to the Equal Employment Opportunity Commission should be named as a defendant. Addresses should not be included here.)*

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

_____   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
*NOTE: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
*NOTE: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

_____   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
*NOTE: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____   New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

_____   New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

*Rev. 07/2007*                                          1

**I.**     **Parties in this complaint:**

A.   List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff     Name  _____

               Street Address  _____

               County, City  _____

               State & Zip Code  _____

               Telephone Number  _____

B.   List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant     Name  _____

               Street Address  _____

               County, City  _____

               State & Zip Code  _____

               Telephone Number  _____

C.   The address at which I sought employment or was employed by the defendant(s) is:

               Employer  _____

               Street Address  _____

               County, City  _____

               State & Zip Code  _____

               Telephone Number  _____

**II.**     **Statement of Claim:**

State as briefly as possible the facts of your case, including relevant dates and events. Describe how you were discriminated against. If you are pursuing claims under other federal or state statutes, you should include facts to support those claims. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.   The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

   _____     Failure to hire me.

   _____     Termination of my employment.

   _____     Failure to promote me.

   _____     Failure to accommodate my disability.

   _____     Unequal terms and conditions of my employment.

   _____     Retaliation.

      _____      Other acts *(specify)*: _____.

      *Note:*  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.

B.    It is my best recollection that the alleged discriminatory acts occurred on: _____.
                                                                                                                                                                                                                  *Date(s)*

C.    I believe that defendant(s) *(check one)*:

      _____      is still committing these acts against me.

      _____      is not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

      ☐    race  _____    ☐    color  _____

      ☐    gender/sex  _____    ☐    religion_____

      ☐    national origin  _____

      ☐    age.  My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

      ☐    disability or perceived disability, _____ *(specify)*

E.    The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____

      *Note:*  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.

**III.**    **Exhaustion of Federal Administrative Remedies**:

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B.    The Equal Employment Opportunity Commission *(check one)*:

    _____    has not issued a Notice of Right to Sue letter.

    _____    issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.

*Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.    Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

    _____    60 days or more have elapsed.

    _____    less than 60 days have elapsed.

## IV.    Relief:

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____
_____
*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this \_\_\_ day of _____, 20\_\_\_.

    Signature of Plaintiff    _____

    Address    _____

    _____

    _____

    _____

    Telephone Number    _____

    Fax Number *(if you have one)*    _____



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

    Room LL22
    40 Foley Square
    New York, NY 10007
    (212) 659 6190

    Open weekdays
    10 a.m. – 4 p.m.
    Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

a beneficiary of UJA Federation of New York