UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMMY OSBY, | |
| Plaintiff, | |
| -against- | 1:23-cv-1731-GHW |
| THE CITY OF NEW YORK; NYC CORPORATION COUNSEL LAW DEPT; NEW YORK CITY DEPT OF PROBATION, | ORDER OF SERVICE |
| Defendants. | |

GREGORY H. WOODS, United States District Judge:

Plaintiff brings this *pro se* action under the Americans with Disabilities Act of 1990 ("ADA"), alleging that her employer discriminated against her based on her disability.[1]  The Court construes the amended complaint as also asserting claims under the New York City and State Human Rights Laws.  By order dated March 2, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.  For the reasons set forth below, the Court dismisses Plaintiff's claims against the "New York City Corporation Counsel Law Department," which the Court understands to be the New York City Law Department, and the New York City Department of Probation, and directs service on the City of New York.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint when the Court lacks subject

---

[1] By order dated April 10, 2023, Chief Judge Laura Taylor Swain directed Plaintiff to file an amended complaint, which Plaintiff did on June 1, 2023.  The amended complaint, Dkt. No. 7, is the operative pleading.

matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.   New York City Department of Probation and Corporation Counsel Law Department

Plaintiff's claims against the New York City Department of Probation and New York City Corporation Counsel Law Department, which the Court understands to be the New York City Law Department, must be dismissed because an agency of the City of New York is not an entity that can be sued.  N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status, the Court will construe Plaintiff's allegations against these New York City agencies as being asserted against the City of New York, which she also names as a defendant in this action.  The Court therefore dismisses Plaintiff's claims against the Department of Probation and the Law Department without prejudice to Plaintiff's claims against the City of New York.  *See* N.Y. City Charter ch. 17, § 396.

**B.      Service on the City of New York**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against the New York City Department of Probation and the New York City Law Department without prejudice to Plaintiff's claims against the City of New York.  *See* N.Y. City Charter ch. 17, § 396.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the amended complaint until the Court reviewed the amended complaint and ordered that the summons be issued.  The Court therefore extends the time to serve until 90 days after the date the summons is issued.

The Clerk of Court is instructed to issue a summons, complete the USM-285 forms with the address for the City of New York, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is further instructed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   June 14, 2023
         New York, New York

_____
GREGORY H. WOODS
United States District Judge

## DEFENDANT AND SERVICE ADDRESS

The City of New York
New York City Law Department
100 Church Street
New York, NY 10007