UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____              │
│ DATE FILED:  9/13/2024               │
└─────────────────────────────────────┘
```

-------------------------------------------------------------- X
                     :

TAMMY S. OSBY,           :
                     :

            Plaintiff,  :       1:23-cv-1731-GHW-JW
                     :

      -v-               :       MEMORANDUM
                     :       OPINION & ORDER

CITY OF NEW YORK,     :
                     :

           Defendant.  :
                     :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On August 15, 2024, Magistrate Judge Jennifer E. Willis issued a report and recommendation recommending that the Court dismiss all of the plaintiff's claims in this case. The Court adopts the report's recommendation that the plaintiff's federal claims be dismissed for substantially the reasons described in the report. However, the Court does not adopt the report's recommendation that the plaintiff's state and city-law claims be dismissed because the defendant failed to move to dismiss those claims and the Court cannot dismiss those claims *sua sponte* for the reasons proposed in the report.

## I.    BACKGROUND

The Court refers the reader to the Report and Recommendation issued by Judge Willis on August 15, 2024 (the "Report").[1]  Dkt. No. 67.  The Report contains a comprehensive description of the procedural history of the case and the arguments presented by the parties in connection with the defendant's motion to dismiss.  The Court assumes the reader's familiarity with the Report.  Still, a brief overview of the procedural history relevant to this motion may be helpful.

---

[1] Terms used without definition in this opinion have the meaning set forth in the Report.

### A.      The Complaint

Ms. Osby initially filed this action in February 2023.  Dkt. No. 1.  She filed the action *pro se* and was granted leave to proceed *in forma pauperis*.  Dkt. No. 5.  Chief Judge Laura T. Swain reviewed Ms. Osby's initial complaint and construed it to raise a claim for retaliation under the Americans with Disabilities Act of 1990 (the "ADA").  Dkt. No. 6.  But the Court concluded that the complaint did not "plead a plausible claim for retaliation for three reasons":  first, her failure to allege an "adverse employment action," second, her failure to allege participation in a protected activity, and third, her failure to plausibly plead causation.  *Id.* at 5–6.  Although Ms. Osby's initial complaint did not indicate that she was asserting claims under the state and city law counterparts to the ADA, Chief Judge Swain's order recognized that they were implicit in the allegations.  *Id.* at 7 ("[T]he Court reserves its decision whether to exercise its supplemental jurisdiction [over] the state law claims Plaintiff is asserting.").  Chief Judge Swain granted Ms. Osby leave to file an amended complaint to cure the defects in her initial complaint.

Ms. Osby filed her amended complaint on June 1, 2023.  Dkt. No. 7 (the "Complaint").  Ms. Osby used the Southern District of New York's form complaint for employment discrimination cases. In it, she checked only a single line, indicating that she was asserting claims under the ADA alone.  She did not check the lines to indicate that she was asserting claims under the Age Discrimination in Employment Act of 1967 (the "ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law (the "NYSHRL"), or the New York City Human Rights Law (the "NYCHRL").  *Id.* at 1–2.  As part of her amended complaint, Ms. Osby provided several pages of narrative describing the events that underpin her allegations, as well a series of exhibits.

The defendant moved to dismiss the complaint on September 19, 2023.  Dkt. No. 16 (notice of motion); Dkt. No. 19 (memorandum of law).  In its motion, the defendant construed Ms. Osby's complaint to assert claims under both the ADA and the ADEA.  The defendant argued that nearly

all of Ms. Osby's claims under both statutes should be dismissed because she had failed to exhaust her administrative remedies, and because the claims were time barred. *Id.* at 7–9. The defendant also argued that Ms. Osby had not adequately pleaded a retaliation claim under the ADA, even with the benefit of the guidance provided in Chief Judge Swain's order granting Ms. Osby leave to file the amended complaint. *Id.* at 9–13. The defendant did not move to dismiss any state or city law claims that might be construed to arise from the facts pleaded in Ms. Osby's complaint.

Ms. Osby filed her opposition to the motion to dismiss on October 20, 2023. Dkt. No. 23. Ms. Osby's *pro se* "opposition statement" provided more facts to support her claim. It presented scant legal arguments against the defendant's motion. But Ms. Osby concluded with a cogent summary of her contentions: "I believe that all of the actions related to my request for an employment verification letter . . . are blatant acts of retaliation as a [*sic*] formerly filed EEOC complaints against my former employee [*sic*] on more than one occasion." *Id.* at ECF p. 5. The motion was fully submitted when the defendant filed its reply on December 12, 2023. Dkt. No. 31.

B.    **The Report and Recommendation**

The Report recommended that the Court grant the defendant's motion to dismiss in full. As the defendant had in its motion to dismiss, the Report construed the Complaint to assert claims under the ADA and the ADEA.[2] The Report concluded that many of Ms. Osby's claims were time-barred: in particular, her claims arising out of the City's alleged refusals to return Ms. Osby's firearms to her, to write her a letter of good standing, and to issue her a retired probation officer identification card. *Id.* at 7–8. Judge Willis concluded that, given the timing of her charge to the Equal Employment Opportunity Commission (the "EEOC"), Ms. Osby could only pursue claims regarding discrete events that occurred after January 14, 2022. Since many of the events described in

---

[2] The latter notwithstanding the fact that Ms. Osby had not checked the line in her form complaint indicating that she was asserting a claim under that statute.

the Complaint took place before that date, the Report concluded, claims with respect to them were time-barred.  *Id.* at 8.

The Report also recommended that the Court dismiss certain of Ms. Osby's claims because she had failed to exhaust her administrative remedies.  The Report reviewed Ms. Osby's charge to the EEOC.  The Report concluded that the charge did not raise a claim under either the ADEA or the ADA for discrimination, and that its content was not "reasonably related" to such a claim.  *Id.* at 9.  The EEOC charge did however raise a claim, the Report concluded, for retaliation under the ADA.  As a result, the Report recommended that all of Ms. Osby's federal claims be dismissed given Ms. Osby's failure to exhaust her administrative remedies, other than her retaliation claim under the ADA.

As to that final remaining federal claim, the Report concluded that Ms. Osby had failed again to adequately plead a claim for retaliation under the ADA.  The Report concluded that Ms. Osby had not adequately pleaded that an adverse employment action had been taken against her because "the Amended Complaint fails to allege what significant harm Plaintiff Osby has faced because of the delay in receiving a sufficient employment verification letter."  Report at 12–13.  However, the Report reasoned that the plaintiff could plead a retaliation claim under the ADA without the need to plead an adverse employment action by pleading in the alternative that the plaintiff had been treated less well than another employee.  *Id.* at 13 ("Plaintiff Osby's ADA retaliation claim fails to adequately allege an adverse employment action.  However, it is this Court's view that the Amended Complaint does not attempt to allege that an adverse employment action was taken, but instead that Plaintiff Osby was discriminated against or treated less well.").

The Report found another, independent deficiency in Ms. Osby's retaliation claim under the ADA—namely, a failure to adequately plead causation.  Among other things, the Report reasoned that "Plaintiff fails to connect her prior EEOC charges, which Plaintiff alleges in her Amended Complaint occurred in 2008, 2012, and 2015, to the alleged retaliatory action that occurred over 7

years later in 2022." *Id.* at 12.

Finally, on her own initiative, Judge Willis recommended that any claims under the NYSHRL or the NYCHRL that the complaint might be construed to raise be dismissed because Ms. Osby had failed to check the lines on the form complaint to indicate that she was asserting claims under those statutes. *Id.* at 17.  The Report noted that "the Amended Complaint again failed to check the required boxes to assert claims under state and city law." *Id.*  Although the Report noted that Chief Judge Swain had construed Ms. Osby's initial complaint to raise claims under those statutes, the Report reasoned that "[g]iven Plaintiff Osby's repeat[ed] failures [to affirmatively plead such claims], the Court concludes that the Amended Complaint, liberally construed, fails to assert any claims under the New York State or New York City Human Rights Laws." *Id.*

In conclusion, the Report recommended that "leave to amend any claims for discrimination" be denied as futile. *Id.* at 18.  The Report recommended that Plaintiff's ADA retaliation claim be dismissed without prejudice and that she be provided leave to amend the complaint to cure the deficiencies in her Complaint. *Id.*

### C.    The Objections

Plaintiff's response to the Report was filed on the docket on September 4, 2024.  Dkt. No. 37 (the "Objections").[3]  As explained in further detail below, in her Objections, Ms. Osby objects to the Report's characterization of the facts alleged in her Complaint.  Her Objections point to purported discrepancies between the Report's description of those facts and those contained in her Complaint.  The Objections also lay out a number of new facts that were not previously presented to the Court in her Complaint.  In her Objections, Ms. Osby accepts the Report's conclusions in part.  In particular, she accepts that claims with respect to many of the issues raised in her Complaint

---

[3] Plaintiff's response is dated August 28, 2024.  The Court has been informed by courthouse staff that Plaintiff attempted to file her response on August 28, 2024, but experienced technical difficulties due to the file's format.  The Court therefore considers Plaintiff's submission to be a timely objection to the Report.

are time-barred.  *Id.* at 3 ("I'm well aware that the that the events are Time barred however, they were listed for two reasons . . . .").[4]  But otherwise Ms. Osby categorically asserts that the dismissal of her claims was inappropriate.

The defendant did not file objections to the Report.

## II.    LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report.  *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

When a party timely objects to a magistrate's report and recommendation, a district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  But where "the party makes only frivolous, conclusory or general objections, or simply reiterates her original arguments, the Court reviews the report and recommendation only for clear error."  *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)).  "Further, the objections 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'"  *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

"Objections that correct misstatements of previously pleaded facts receive *de novo* review. However, courts will not consider objections that assert new factual allegations, unless the party justifies its failure to present those allegations to the magistrate judge."  *Morrison v. N.Y.C. Dep't of*

---

[4]  Ms. Osby explained that she had included the description of earlier incidents to provide context for her timely claims.  *See* Objections at 2.  The Report agreed that "such time-barred incidents may be considered as background evidence in support of a timely claim."  Report at 8.

*Corrections*, No. 11 Civ. 9109 (DAB), 2013 WL 5308015, at *2 (S.D.N.Y. Sept. 20, 2013) (citations omitted) (declining to consider new allegations asserted by *pro se* plaintiff in objections); *see also Toliver v. Dep't of Corrections*, No. 10 Civ. 6298 (LAP) (JCF), 2012 WL 4513435, at *1 (S.D.N.Y. Sept. 30, 2012).

The Court reviews for clear error those parts of the report and recommendation to which no party has timely objected.  28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

Submissions filed by *pro se* litigants are liberally construed and interpreted "to raise the strongest arguments that they *suggest*."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ." (citation omitted)); *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) ("Where . . . the complaint was filed *pro se*, it must be construed liberally to raise the strongest arguments it suggests." (citation omitted)).  However, "the liberal treatment afforded to *pro se* litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law."  *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks and citation omitted); *see also Rahman v. Schriro*, 22 F. Supp. 3d 305, 310 (S.D.N.Y. 2014) ("[D]ismissal of a pro se complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements.").

## III.  DISCUSSION

### A.    Objections to the Report's Characterization of the Complaint's Factual Allegations

Two of the plaintiff's objections to the Report's characterization of the facts contained in the Complaint warrant a modification to the Report's characterization of the Complaint's allegations. Ms. Osby argues that the Report failed to draw all reasonable inferences in her favor in recounting the facts of the case.  Objections at 1 ("I believe Judge Willis found it easier to take the defendant[']s

words over mine."). She targets three statements in the Report in particular. The first is the following statement: "In February of 2007, after an altercation with another probation officer, Plaintiff Osby surrendered her on- and off-duty firearms." *Compare* Report at 3 (summary of factual allegations), *with* Objections at 1 ("[Judge Willis] stated . . . that I had an altercation with another officer. This is not true."). Plaintiff represents that she never had an altercation with a co-worker in 2007. Second, Ms. Osby disputes the Report's statement that the plaintiff was actually involved in another fight in 2018. *Id.* And third, Ms. Osby disagrees with the Report's assertion that the City's second employment verification letter—out of the four that were ultimately issued to Plaintiff—was issued on the same day as the first. *Compare* Report at 3, 4, *with* Objections at 1, 2.

The Court accepts Ms. Osby's argument that the Report's description of the 2007 and 2018 altercations did not draw all inferences in her favor.[5] That is because the Complaint does not allege that those incidents actually occurred. Ms. Osby alleged that she was accused of having an altercation with a fellow probation officer in 2007—not that one happened. *See* Complaint at 5. Similarly, she alleged that she was "falsely accused" of later having an altercation with a fellow officer. *See id.* at 6. Ms. Osby did not plead that the altercation occurred. For purposes of its evaluation of the defendant's motion, the Court construes the events pleaded by Ms. Osby in the Complaint in the light most favorable to her—namely, that she surrendered her firearms in February of 2007 after she was accused of having an altercation with a fellow probation officer, and that Plaintiff was arrested in September of 2018 after being falsely accused of attacking her roommate. The Court does not accept that those altercations occurred in fact—merely that Ms. Osby was accused of being involved in them.

The Court's acceptance of Ms. Osby's contentions regarding the Report's characterization of

---

[5] The Report appears to have adopted the City of New York's account of those events as set forth in its November 29, 2022 submission to the EEOC.

those two altercations does not have an impact on its analysis of the motion to dismiss. The Report's conclusions did not turn on whether the two altercations actually occurred or if Ms. Osby was falsely accused of having participated in them.

The plaintiff's other concerns regarding the Report's characterization of the facts pleaded in the Complaint are not well-founded. With respect to the dates of the employment verification letter, the Report states that Ms. Osby received one on June 29, 2022 and then a second one on the same day. Report at 4. That statement appears to summarize accurately the plaintiff's pleading. The Complaint alleges that Ms. Osby received four employment verification letters on June 29, August 2, and December 30, 2022. Complaint at 7. Exhibits 2 and 3 to the Complaint are—according to the handwritten notes on each exhibit—the first and second of the letters received by Ms. Osby, and they are both dated June 29, 2022. *See id.* at 10, 12.

The Objection's remaining factual contentions do not affect the Court's evaluation of the motion to dismiss because they were raised for the first time in the Objections. "Although a district court may . . . receive further evidence in reviewing objections to a report and recommendation, doing so is disfavored absent a most compelling reason for the failure to present such evidence or arguments in the first instance." *Toliver*, 2012 WL 4513435, at *1 (internal quotation marks and citations omitted). The remaining factual contentions laid out in the Objections were not presented in the Complaint or in Ms. Osby's opposition to the motion to dismiss. For example, in her Objections, Ms. Osby adds new details about Ellen Watson-Suber, another retired probation officer who allegedly requested and received an employment verification letter within two weeks of her request. *Compare* Report at 13, *with* Objections at 3. No justification has been presented to the Court for the plaintiff's decision to not present these facts in the Complaint or in her opposition to the motion to dismiss. Accordingly, the Court will not consider the new facts advanced in the Objections for purposes of its evaluation of the motion to dismiss.

**B.    Objections to the Report's Legal Analysis and Conclusions**

Plaintiff generally objects to the dismissal of her claims but does not challenge any specific finding or recommendation in the Report.  Therefore, the Court reviews the remainder of the Report for clear error.  Having done so, the Court accepts and adopts the Report's recommendation that Ms. Osby's federal claims be dismissed and that she be granted leave to amend her ADA retaliation claim.

First, the Court finds no clear error in the Report's recommendation to dismiss as time-barred the plaintiff's claims arising out of the defendant's refusal to return her firearms to her, to write a letter of good standing on her behalf, and to issue a retired probation officer identification card.  Report at 7–8.  Again, Ms. Osby concedes that claims arising out of those events are time-barred.  *See* Objections at 2 ("I'm well aware that the . . . events are [t]ime barred . . . .").  The Court therefore adopts the Report's recommendation to dismiss those claims as time-barred.[6]

Second, the Court finds no clear error in the Report's conclusion that the plaintiff's federal claims, other than her ADA retaliation claim, should be dismissed because Ms. Osby failed exhaust her administrative remedies.  *See* Report at 8–9.  Again, Ms. Osby does not object to the Report's analysis of this issue or its conclusion.  Instead, she critiques the EEOC's investigation process, which was not relevant to the Report's analysis or conclusions.  Objections at 2.  Accordingly, the Court adopts the recommendation to dismiss these claims.

Third, the Court adopts the Report's recommendation that Ms. Osby's ADA retaliation claim be dismissed without prejudice.  Report at 10–17.  The Court finds no clear error in the Report's conclusion that Plaintiff failed to adequately plead causation.  *Id.* at 14–16.  As a result, the

---

[6] The Court declines to adopt the portion of the Report concluding that Plaintiff's claims seeking the return of her firearms and the issuance of the retired probation officer card should also be separately dismissed for failure to adequately plead exhaustion of administrative remedies.  *See* Report at 10.  The Court need not reach that issue because the claims are time-barred.  *See id.* at 7–8.

Report properly concluded that Ms. Osby's retaliation claim under the ADA should be dismissed without prejudice.

The Court does not adopt the Report's analysis of whether the plaintiff adequately pleaded the occurrence of an adverse employment action in support of her retaliation claim. The Report did not clearly apply the correct legal standard for evaluating whether an adverse employment action has been adequately pleaded in the context of Ms. Osby's retaliation claim. In the context of a retaliation claim, "an adverse employment action is any action that could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015) (quoting *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 57 (2006)). "This definition covers a broader range of conduct than does the adverse-action standard for claims of discrimination . . . ." *Id.* (quoting *Burlington N.*, 548 U.S. at 64). "Nevertheless, the employer's conduct must be 'harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of discrimination.'" *Shultz v. Congregation Shearith Israel of City of New York*, 867 F.3d 298, 309 (2d Cir. 2017) (citations omitted). "Actions that are 'trivial harms'—i.e., 'those petty slights or minor annoyances that often take place at work and that all employees experience'—are not materially adverse." *Id.* (citations omitted); *see also Burlington N.*, 548 U.S. at 67–68 ("The antiretaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm. . . . . In our view, a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, 'which in this context means it well might have "dissuaded a reasonable worker from making or supporting a charge of discrimination."'").[7]

The Report concluded that Ms. Osby had not pleaded the occurrence of an adverse

---

[7] The same standard governs retaliation claims under Title VII, the ADA, and the ADEA. *See, e.g.*, *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 304 (2d Cir. 2021) ("[T]here is no meaningful difference between the antiretaliation provisions of Title VII and the ADEA."); *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 223 (2d Cir. 2001) ("We analyze a retaliation claim under the ADA using the same framework employed in Title VII cases.").

employment action because she had not pleaded that she had suffered "significant harm" as a result of the conduct. Report at 12–13 ("The Amended Complaint fails to allege what significant harm Plaintiff Osby has faced because of the delay in receiving a sufficient employment verification letter."). Because the Report did not expressly analyze whether the conduct would dissuade a reasonable person from making a claim of discrimination, it is not clear that it applied the correct standard to assess the materiality of the conduct.[8] Therefore, the Court does not adopt that part of the Report's analysis.

The Court also does not adopt the Report's reasoning that the plaintiff can plead a retaliation claim without pleading the existence of an adverse employment action. The Report reached the conclusion that a plaintiff can plead a retaliation claim without pleading an adverse employment action, if, in the alternative, the plaintiff pleaded that she had been "discriminated against," or treated "less well" than another employee. Report at 13–14. The Report reasoned because another retired probation officer received an employment verification letter faster than Ms. Osby, she had adequately pleaded her claim. The Report reached that conclusion notwithstanding the fact that it had earlier concluded that Ms. Osby had not adequately pleaded the existence of an adverse employment action. *Id.* at 13.

"No one doubts that the term 'discriminate against' refers to distinctions or differences in treatment that injure protected individuals." *Burlington N.*, 548 U.S. at 59. However, the differences in treatment that the precedent holds to be actionable under the ADA and the ADEA are those that

---

[8] The Report may instead have applied the standard applicable to a discrimination claim when evaluating this element of Ms. Osby's retaliation claim. The Report's description of the legal standard pointed to cases involving both retaliation and discrimination claims without distinction. In particular, it cited to *Birkholz v. City of New York*, No. 10-cv-4719 (NGG), 2012 WL 580522, at *9 (E.D.N.Y. Feb. 22, 2012) (finding adverse employment action where the alleged loss of benefits resulted in "significant" financial injury), which in turn relied on a Second Circuit discussion of an adverse employment action in the context of a discrimination claim. *See Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003) (including, in list of examples of materially adverse employment actions, "a material loss of benefits"). The reference to the plaintiff's failure to plead "significant" harm in the Report may track the language used by the district court in *Birkholz*, which in turn relied on the standard governing an adverse employment action in a discrimination case, rather than a retaliation case.

constitute adverse employment actions. *See, e.g.*, *Kelly v. Howard I. Shapiro & Assocs. Consulting Engineers, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013) ("To make out a *prima facie* case of retaliation, a plaintiff must demonstrate that (1) she engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." (internal quotation marks and citation omitted)). By concluding that differential treatment of employees that does not also constitute an adverse employment action can form the basis of a retaliation claim under the ADA and ADEA, the Report has not clearly adhered to the appropriate pleading standard for a retaliation claim brought under those statutes. The Court does not adopt this reasoning.

Finally, the Court declines to adopt the Report's recommendation that the Court dismiss Ms. Osby's claims under the NYSHRL and the NYCHRL. In *McLeod v. Jewish Guild for the Blind*, the Second Circuit held that it is error to dismiss a *pro se* plaintiff's NYSHRL and NYCHRL claims because she failed to check the corresponding boxes on a form complaint. 864 F.3d 154, 158 (2d Cir. 2017) ("Accordingly, because [plaintiff's] factual allegations suggested claims under the NYSHRL and NYCHRL, the district court was required to construe her complaint as asserting claims under those laws, even if she failed to check the appropriate blank."). Ms. Osby's failure to check the boxes showing that she was pursuing claims under the NYSHRL and the NYCHRL was the basis for the Report's recommendation that the Court dismiss those claims. Therefore, the Court cannot adopt that recommendation.

The defendant elected not to move to dismiss the plaintiff's state and city law claims. As counsel for the defendant is aware, the NYSHRL and the NYCHRL are substantively distinct from their federal counterparts. *See, e.g.*, *id.* at 157 ("[T]he NYSHRL and NYCHRL . . . afford protections unavailable under federal law to discrimination plaintiffs . . . ."); *see also Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013) ("[C]ourts must analyze NYCHRL claims

separately and independently from any federal and state law claims . . . ."); *Arazi v. Cohen Bros. Realty Corp.*, No. 1:20-cv-8837-GHW, 2022 WL 912940, at *7 (S.D.N.Y. Mar. 28, 2022) ("[T]he New York legislature amended the NYSHRL on August 19, 2019, to establish that its provisions should be construed liberally even if [comparable] federal civil rights laws . . . have been construed narrowly." (internal quotation marks and citation omitted)).  If the defendant wants the Court to dismiss the state and city law claims that are clearly inherent in this *pro se* litigant's complaint, they should parse—and properly brief—the issue.  The Court declines to decide whether Ms. Osby adequately pleaded such claims without the benefit of briefing from the defendant.

Accordingly, the Court declines to adopt the Report's recommendation to dismiss the plaintiff's claims under the NYSHRL and NYCHRL.

### C.    Leave to Amend

The Court adopts the Report's recommendation that Plaintiff be granted leave to amend her complaint and replead her ADA retaliation claim.  In this circuit, "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead."  *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").  Leave to amend may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)); *see also Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 148 n.4 (2d Cir. 2020).  "[I]t is within the sound discretion of the district court to grant or deny leave to amend."  *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (quoting *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018)).

As the Report states, Ms. Osby may be able to allege additional facts to cure the deficiencies in her ADA retaliation claim and so amendment would not be futile.  Because Ms. Osby's NYSHRL

and NYCHRL claims have not been dismissed, she may also reassert claims arising under those statutes in an amended complaint.

As to Ms. Osby's remaining federal claims under the ADA and the ADEA, the Report concludes that those claims should be dismissed with prejudice. Report at 17–18. The Court finds no clear error in these determinations. Accordingly, the plaintiff's remaining federal claims are dismissed with prejudice and without leave to amend.

## IV.  CONCLUSION

For the reasons above, the defendant's motion to dismiss is GRANTED. Plaintiff's federal claims are dismissed with prejudice, except as to her ADA retaliation claim, which is dismissed without prejudice.

Plaintiff is granted leave to amend her complaint to cure the deficiencies identified in the Report and in this opinion with respect to her ADA retaliation claim. Because Plaintiff's second amended complaint would completely replace her existing complaints, any facts or claims that Plaintiff wishes to maintain must be included in the second amended complaint, including her claims under the NYSHRL and NYCHRL. Any amended complaint must be filed no later than twenty-one days after the date of this order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 16 and to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated:  September 13, 2024
        New York, New York

_____
GREGORY H. WOODS
United States District Judge