```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/23/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
TAMMY S. OSBY,                                                     :
                                                                   :
                                        Plaintiff,                 :   1:23-cv-1731-GHW-JW
                                                                   :
                   -v-                                             :   ORDER
                                                                   :
                                                                   :
CITY OF NEW YORK,                                                  :
                                                                   :
                                        Defendant.                 :
                                                                   :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

On August 15, 2024, Magistrate Judge Jennifer E. Willis issued a report and recommendation in this case (the "R&R"). Dkt. No. 36. On September 13, 2024, the Court issued a memorandum opinion and order adopting the R&R's recommendation that Plaintiff's federal claims arising under the Americans with Disabilities Act of 1990 (the "ADA") and the Age Discrimination in Employment Act (the "ADEA") be dismissed. Dkt. No. 39. The Court dismissed those claims with prejudice, except as to her ADA retaliation claim, which was dismissed without prejudice. *Id.* at 15. Plaintiff was granted leave to amend her complaint with respect to her ADA retaliation claim. *Id.* On November 11, 2024, the Court dismissed Plaintiff's ADA retaliation claim with prejudice because she did not file an amended complaint. Dkt. No. 40.

With respect to Plaintiff's claims under the New York State Human Rights Law (the "NYSHRL") and the New York City Human Rights Law (the "NYCHRL"), the Court did not adopt the R&R's recommendation to dismiss those claims because Defendant failed to move to dismiss them, and the Court declined to adopt the R&R's reasoning as to why those claims should be dismissed. Dkt. No. 39 at 13–14. On November 11, 2024, the Court issued an order directing the parties to submit a letter proposing next steps regarding Plaintiff's state law claims. Dkt. No. 40.

On November 21, 2024, the Court received a letter from Plaintiff in which she made a request to voluntarily dismiss her remaining state law claims. Dkt. No. 41. Because Plaintiff is proceeding in this action *pro se*, before the Court acted on this request, Judge Willis issued an order to confirm that Plaintiff did not have a different intention other than to voluntarily dismiss her remaining claims. Dkt. No. 43. Judge Willis's order stated: "This Court understands Ms. Osby's letter to mean she no longer wishes to pursue her state law claims. If a stipulation of dismissal of such claims is not Ms. Osby's intent, she is directed to file another letter to the Court by February 18, 2025 clarifying her intentions[.]" *Id.* Judge Willis's order also instructed: "If the Court does not receive a letter from Plaintiff by February 18th, the Court will understand . . . that she no longer wishes to pursue her state law claims and wishes for them to be dismissed." *Id.*

On March 4, 2025, the Court extended the deadline for Plaintiff to respond. Dkt. No. 44. The Court's March 4, 2025 order reiterated that if the Court did not receive a letter from Plaintiff by April 4, 2025, then "the Court will understand that she no longer wishes to pursue her state law claims and wishes for them to be dismissed." *Id.*

Plaintiff then wrote a letter to the Court, which is dated March 31, 2025. Dkt. No. 45. In her letter, Plaintiff stated that although she had previously "request[ed] that my case would be dismissed," she wished to have additional time to respond to the Court's March 4, 2025 order. *Id.* Plaintiff's letter was not filed with the Court, however, until May 2, 2025. Dkt. Nos. 45, 46.

On May 5, 2025, the Court granted Plaintiff's request for an extension of time to respond to the Court's March 4, 2025 order. Dkt. No. 47. Over a month had passed since Plaintiff's request for an extension of time. Accordingly, the Court extended the deadline for Plaintiff to respond to the Court's March 4, 2025 order until May 17, 2025—a month and a half after her request. The Court once again stated: "If the Court does not receive a letter from the plaintiff asking to withdraw her previous request to voluntarily dismiss this action by May 17, 2025, the Court will dismiss her

remaining claims without prejudice."

The deadline for Plaintiff to file her letter has passed and she has not done so. Because Plaintiff has not filed a letter, the Court understands that she does not wish to withdraw her previous request to voluntarily dismiss her remaining state law claims. Accordingly, Plaintiff has voluntarily dismissed her remaining state law claims without prejudice under F.R.C.P. 41(a)(1)(A)(i).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

In conclusion, as described above, Plaintiff's claims arising under the ADEA and the ADA were previously dismissed with prejudice. Any claims arising under state or city law, in particular under the NYSHRL and the NYCHRL, are dismissed without prejudice. The Clerk of Court is directed to enter judgment in favor of Defendant, to close the case, and to mail a copy of this order and the judgment to Plaintiff.

SO ORDERED.

Dated: May 23, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge